# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELISSA DENISE MERTES,           ) | |
| )                                                    | |
| Plaintiff,       ) | |
| )                                                    | CIVIL ACTION |
| v.                                                 ) | |
| )                                                    | No. 14-1239-JWL |
| CAROLYN W. COLVIN,          ) | |
| Acting Commissioner of Social Security,   ) | |
| )                                                    | |
| Defendant.       ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

**I.    Background**

Plaintiff applied for DIB and SSI benefits, alleging disability beginning October 2, 2004. (R. 14, 232, 238). She exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. In a single argument section

of approximately two pages, Plaintiff claims that the Commissioner's decision did not apply the correct legal standard and is not supported by substantial evidence.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

As noted above, Plaintiff provided only two pages of discussion in the "Argument" section of her brief, and one-half page is a restatement of three numbered paragraphs from the "Medical Records" section in her statement of facts.  Although Plaintiff is represented by counsel before this court, much of her argument is incomprehensible to the court except in the most general of terms.  She alleges errors that the ALJ made, but she does not support those allegations with explanations of a specific legal standard that was not applied, how a legal standard was applied improperly, why the evidence compels a finding contrary to that of the ALJ, or why the evidence cannot support the findings of the ALJ.  Nevertheless, despite Plaintiff's deficient and exceedingly short and undeveloped argument, the court recognizes three allegations of error in Plaintiff's Brief, and will address each.  It finds no error identified by Plaintiff.

## II.   Plaintiff Shows No Error at Step Three

Plaintiff first claims that the ALJ "failed to find that Plaintiff met Listing 12.06 and Listing 12.08, despite supporting medical record[s]." (Pl. Br. 17).  In support of this claim, Plaintiff cites to three medical records.  Id.  First, she cites to a treating record from ComCare dated July 11, 2011 which reports an Axis II diagnosis of "Borderline Personality Disorder; per client report," and a GAF (global assessment of functioning) score of 40 "On Admission."  Id. (citing R. 468, 470).  She cites a "Medication Management" note dated December 21, 2011 and prepared by Mr. Ahrens, her treating

nurse practitioner, in which he diagnosed Plaintiff with post traumatic stress disorder (PTSD) and with borderline personality disorder, and in which he noted that even when symptoms attributable to "unipolar and bipolar depression" are eliminated, Plaintiff "still meets full DSM-IV criteria for Post Traumatic Stress Disorder."  (R. 670) (cited in Pl. Br. 17).  Finally, she refers without citation to an opinion letter written by Ms. Cummings, her treating social worker at Counseling & Mediation Center, in which Ms. Cummings noted that Plaintiff has "Bi-Polar Disorder, Borderline Personality Disorder and Addictions" and in which she opined that "I don't see any way for [Plaintiff] to hold a job."  (R. 749) (discussed without citation in Pl. Br. 17).  The Commissioner points out that the ALJ specifically considered whether these two mental Listings were met, and argues that she properly determined they were not.  (Comm'r Br. 4-5).

Plaintiff "has the burden at step three of demonstrating, through medical evidence, that her impairments 'meet all of the specified medical criteria' contained in a particular [L]isting."  Riddle v. Halter, No. 00-7043, 2001 WL 282344 at *1 (10th Cir. Mar. 22, 2001) (quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis in Zebley)).  "An impairment that manifests only some of [the Listing] criteria, no matter how severely, does not qualify" to meet or equal the Listing.  Zebley, 493 U.S. at 530.

"The [Commissioner] explicitly has set the medical criteria defining the [L]isted impairments at a higher level of severity than the statutory standard.  The [L]istings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just 'substantial gainful activity.'"

5

Zebley, 493 U.S. at 532-33 (emphasis in original) (citing 20 C.F.R. § 416.925(a) (1989)). The Listings "streamlin[e] the decision process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background." Bowen v. Yuckert, 482 U.S. 137, 153 (1987). "Because the Listings, if met, operate to cut off further detailed inquiry, they should not be read expansively." Caviness v. Apfel, 4 F. Supp. 2d 813, 818 (S.D. Ind. 1998).

The Commissioner has promulgated a Psychiatric Review Technique for evaluating mental impairments such as those represented by the Listings presented here. 20 C.F.R. §§ 404.1520a, 416.920a. In evaluating the severity of mental impairments at steps two and three, the technique provides for rating the degree of functional limitation in each of four broad mental functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. Id. §§ 404.1520a(c) 416.920a(c). After rating the degree of limitation in each functional area, the Commissioner determines the severity of plaintiff's mental impairments. Id. §§ 404.1520a(d), 416.920a(d).

When the first three functional areas are rated as "none" or "mild," and the fourth area is rated as "none," the agency will conclude at step two of the sequential evaluation process that plaintiff's mental impairment(s) is not severe "unless the evidence otherwise indicates that there is more than a minimal limitation in [plaintiff's] ability to do basic work activities." Id. §§ 404.1520a(d)(1), 416.920a(d)(1). If the mental impairment(s) is severe, the technique requires an evaluation of whether the impairment(s) meets or equals

a Listed impairment by comparing the step two findings and the medical evidence with the criteria of the Listings.  Id. §§ 404.1520a(d)(2), 416.920a(d)(2).

Here, the ALJ determined that Plaintiff has mild restrictions in activities of daily living; mild difficulties in social functioning; moderate difficulties in concentration, persistence, or pace; and no episodes of decompensation.  (R. 17-18).  Therefore, she determined that Plaintiff's mental impairments are "severe" at step two, and considered whether the Listings are met.  Id.  She determined that the "paragraph B" criteria of the Listings are not met because the "mental impairments do not cause at least two 'marked' limitations, or one 'marked' limitation and 'repeated' episodes of decompensation."  Id. at 18.  She determined the "paragraph C" criterion of Listing 12.06 is not met because there is no evidence of "an inability to function outside a highly supportive living arrangement."  Id.  There are no "paragraph C" criteria for Listing 12.08.

Plaintiff has shown no error in these findings.  The evidence cited by Plaintiff does not suggest that either Listing is met.  The mere diagnoses of mental impairments such as PTSD, bipolar disorder, or borderline personality disorder do not equate to the meeting of a Listing.  Rather, Plaintiff must demonstrate from the record evidence that the specific criteria of each Listing related to a particular diagnosis are met.  She has not done so here. While in a particular case, a GAF score of 40 may be supportive of a finding at step four or five that a claimant is disabled, no Mental Listing includes GAF scores within its criteria.  Finally, the ALJ in this case specifically discussed Ms. Cummings's letter opinion (R. 23), and Plaintiff does not allege error in that discussion.

7

### III. Plaintiff Has Shown No Error in the ALJ's Credibility Determination Regarding Her Subjective Complaints

Plaintiff next claims that the ALJ erred in considering the credibility of Plaintiff's subjective complaints.  (Pl. Br. 17-18).  She admits that she has an extensive background of drug abuse, but argues that the ALJ unfairly used that background "to condemn her as a wholesale liar," and did not "consider the entirety of her condition or testimony," but only acknowledged them "to the extent deemed viable by the administrative law judge."  Id. at 17.  She argues that as a result, the ALJ failed properly to consider the effect of her PTSD on her ability to function.  Id. at 18.  The Commissioner argues that the ALJ reasonably evaluated the credibility of Plaintiff's allegations, that substantial record evidence supports the ALJ's determination, and that the ALJ closely and affirmatively linked her determination to the record evidence.

The ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effect of [her] symptoms are not entirely credible for the reasons explained in this decision."  (R. 19).  Later, in her narrative discussion regarding RFC assessment, she cited evidence tending to support her credibility determination.  Several times in the decision, the ALJ noted that when Plaintiff was regularly attending treatment, taking medications, and attending therapy, her pain improved, and she reported she was doing well.  (R. 20, 21,22).  She noted that Plaintiff was given an epidural steroid injection with positive results, and when Plaintiff sought a second injection, it "was denied in the absence of objective findings."  (R. 20).  She noted that on July 17, 2012,

8

although Plaintiff reported extreme pain, musculoskeletal examination continued to show essentially normal findings. Id. The ALJ noted that Plaintiff "was under a pain contract due to her history of substance abuse," and that she "admitted that she had been using crack cocaine on a regular basis from December 2010 until March 28, 2011." (R. 21). The ALJ noted that Plaintiff's April 6, 2011 request to restart pain medication was denied because she had tested positive for drugs twice although she argued that she had not used cocaine in 30 days. Id.

The framework for a proper credibility analysis is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). An ALJ must consider (1) whether the claimant has established a symptom-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's symptoms are in fact disabling. See, Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (explaining the Luna framework). The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating credibility: Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms. 20 C.F.R. §§ 404.1529(c)(3)(i-vii), 416.929(c)(3)(i-vii). The court has recognized a non-exhaustive list of factors relevant to

the credibility determination which overlap and expand upon the factors promulgated by the Commissioner. Luna, 834 F.2d at 165-66. These factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489).

An ALJ's credibility determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). They "are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173. Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson, 987 F.2d at 1490 ("deference is not an absolute rule"). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

The ALJ explained the standard she applied in her credibility determination, and that standard is consistent with the standard explained in Luna. (R. 19). As noted above,

she linked her credibility findings to substantial evidence in the record, and Plaintiff does not argue that the findings are erroneous.

Rather, Plaintiff argues that the ALJ unfairly used her substance abuse "to condemn her as a wholesale liar," and did not "consider the entirety of her condition or testimony," but only acknowledged them "to the extent deemed viable by the administrative law judge." (Pl. Br. 17). As noted above, the ALJ applied the correct legal standard, and the evidence she cited tends to support her credibility determination. Plaintiff has not shown in what way this was unfair, and contrary to her assertion, the ALJ did not "condemn her as a wholesale liar," but found that her statements "are not entirely credible." (R. 19). Plaintiff does not point to record evidence regarding her condition, or to allegations made by her or to testimony provided by her which were not considered by the ALJ. Although the ALJ did not accept Plaintiff's allegations at face value and credit every one of them, that is the purpose of a credibility determination, and Plaintiff does not show error in the determination made in this case. To the extent Plaintiff complains that the ALJ decided which of her allegations to credit, that is the ALJ's duty, and Plaintiff has not demonstrated error.

Plaintiff complains that the credibility determination resulted in the ALJ failing properly to consider the effect of PTSD on Plaintiff's ability to function. (Pl. Br. 18). The ALJ specifically acknowledged PTSD as one of Plaintiff's severe impairments, and considered it in her assessment of Plaintiff's RFC. (R. 16). To the extent that the ALJ did not credit each of Plaintiff's allegations of symptoms resulting from her PTSD,

11

Plaintiff may not complain because the ALJ found her allegations not credible, and Plaintiff has not shown error in that determination. To the extent that Plaintiff is asking the court to assign a greater weight to the symptoms resulting from her PTSD than assessed by the ALJ, the court may not reweigh the evidence and substitute its judgment for that of the Commissioner. Bowman, 511 F.3d at 1272; Hackett, 395 F.3d at 1172.

## IV. Reliance on Vocational Expert Testimony

In her final argument, Plaintiff asserts that the "jobs that have been solicited from the vocational expert are not based on substantial evidence and therefore represent an improper application of relevant legal standards." (Pl. Br. 18) (without citation to authority). The court questions whether this argument need be addressed, because it was not further developed or explained. Nevertheless, to the extent the argument is properly before the court, the vocational expert testified based upon the limitations assessed by the ALJ (R. 71-74), and Plaintiff has shown no error in that assessment. Plaintiff has shown no error in relying upon the vocational expert testimony.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 31st day of July 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**